Nicholson, C. J.,
delivered the opinion of the Court.
*437 The defendants are endorsers on two notes not made payable at any particular place. They had been partners in the cotton-buying business, and had had a place of business, but had dissolved, and had no place of business as a firm when the notes matured. The Notary Public certifies that on the proper days he “directed written notices of the protests to Davis- and Allen, and left the same at the business place of Mr. Allen, of said firm, the firm having no business place.”
The question in the case was whether, in view of the facts in evidence, this notice was sufficient to fix the liability of the endorsers.
The Judge was requested to charge the jury as follow's: “If the jury find, from the evidence, that M. A.-. Allen, of the firm of Davis & Allen, and one of the defendants herein, was, at the maturity of the notes sued on, in the employment of other parties in the city of Memphis, engaged in and about their business, then the business place of his employer or employers, would be his business place, at which notices of dishonor of the notes in question might properly be left by the Notary Public so as to bind them; and if the jury find that the notices of dishonor in this case were left by the Notary Public on the 3d and 13th of May respectively at any place where said Allen was then employed, and while so employed, then such notices would bind the defendants, and you will find for the plaintiff.”
This the Court refused to charge, and instructed the jury, that “if defendant Allen, at the maturity of the papers sued on, was employed about or in the *438 house of another as a clerk, then notices of dishonor of the notes left for him at such house by the Notary would not bind him or the firm of Davis & Allen, unless he actually received the notices, as such place of employment would not be his place of business within the meaning of the law on this subject.”
There was evidence in the case tending to show that at the time the notes matured Allen was employed as a clerk; but this evidence, although given by Allen himself, is indefinite and unsatisfactory. He denies that he had personal notice of the protest. But still the evidence was sufficient to entitle the defendants to have it passed upon and considered by the jury under proper instructions as to the law.
Mr. Story, in his work on Promissory Notes, s. 313, says: “What constitutes the domicil or place of business of the party entitled to notice, is a mixed question of law and fact. * * * If he keeps a distinct or independent counting-rooom or office, in which he usually transacts his business, that is deemed his place of business. If he has no separate counting-room or office of his own, but usually transacts his business at a counting-room or office which is partly occupied or used by another, that will or may be his place of business.”
It may be deduced from this language, that if the party entitled to notice has a separate counting-room or office for the transaction of business for himself, and not as a mere clerk or employee of another, in such case notice left at such place of business would be sufficient. The rule goes further, and holds that gen *439 erally it is sufficient if the notice is given at the counting-room or office of a party which he occupies, not exclusively but in connection with another, but for the purpose of transacting his own business.
And, according to the case of the Bank of Columbia v. Lawrence, 1 Peters, 578, the counting-room or office so occupied is not regarded as a party’s place of business, if the same be in another’s house, which means,, as we suppose, that the counting-room or office, if in another’s house, must be occupied by and be under the control of the party himself, to make it his place of business. But, in every aspect of the case, the rule contemplates a place where the party is carrying on business or pursuing an occupation for himself and on his own account, and not merely as an agent or clerk of the owner of the house.
But the question before us, is not whether the counting-room or office of a party engaged in business for himself is the place of business of such party in contemplation of law, but whether a party who has no other business but that of clerk of another, is, as matter of law, to be regarded as having his place of business where his principal has his. The Judge charged that the place of the principal is not, in contemplation of law, the place of business of one employed merely as his clerk. And we can not see that this charge is in conflict with the authorities referred to. The reason why notice left at a man’s place of business is held sufficient, is because it is presumed that he has left some one to take charge of the notice, and that it will be promptly communicated to *440 him, but in the case of a mere clerk no presumption of that kind arises, and hence nothing short of personal service of the notice, or of leaving it at the residence of the party, is sufficient.
We are therefore unable to see that there was any error in the charge of the Court below. The proof shows that defendant Allen had a residence in Mem-phi.-, but it fails to show that he had a place of business.
We affirm the judgment.